|   |   |
|---|---|
| MICHAEL BLOOS, | Case No. 2:21-cv-02109-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. |   |
| YUBA COUNTY JAIL, | ECF No. 2 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
|   | (1) FILE AN AMENDED COMPLAINT, OR |
|   | (2) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL |
|   | ECF No. 1 |
|   | THIRTY-DAY DEADLINE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Michael Bloos brings this action under 42 U.S.C. § 1983, alleging that he was placed in an unsafe housing pod in Yuba County Jail.  Plaintiff's claim is not adequately pled, however, and he admits that he did not exhaust his administrative remedies before filing this suit.  ECF No. 1 at 3.  I will give him leave to amend his complaint so that he can explain why he believes that he should be allowed to proceed in spite of his failure to exhaust.  Additionally, plaintiff has filed an application to proceed *in forma pauperis*, ECF No. 2, which I will grant.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint, which contains only two sentences of factual allegations, alleges that "[he] was placed in an 'active' pod with active white gang members" in Yuba County Jail. ECF No. 1 at 3. He claims that this violates his "right to safe housing" and that, as a result, he suffered

"threats of great bodily harm, defamation of character, fear for my life, [and] recurring nightmares." *Id.*

There are several problems with plaintiff's complaint. Most significantly, he fails to identify individual defendants responsible for his housing placement, naming only Yuba County Jail as a defendant. A claim against the jail or county cannot proceed because plaintiff has not alleged an unconstitutional custom or policy that was the moving force behind the alleged unsafe conditions. *See Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1444-45 (9th Cir. 1991) (en banc). Moreover, in the absence of an allegation that he was attacked or an explanation of the nature and severity of the perceived risk, plaintiff's threadbare allegations cannot support an inference that he faced an objectively "substantial risk of serious harm." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). Plaintiff is advised that he must "allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

Finally, it is evident from the face of the complaint that plaintiff did not exhaust his available administrative remedies. "The Prison Litigation Reform Act of 1995 . . . mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)). The availability of administrative remedies must be assessed at the time the prisoner filed his action. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017). Although dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment, *see Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), a court can also dismiss a case at screening "[i]n the rare event that a failure to exhaust is clear on the face of the complaint," *id.* at 1166. *See also Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765-AC-P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening.").

Plaintiff admits that he has not yet completed the grievance process for the claim at issue. ECF No. 1 at 3 (checking the boxes for "No" in response to the questions, "Did you appeal your request for relief on Claim I to the highest level?"). His explanation—that he was "unaware of the order of proceedings required by state laws," *id.*—is insufficient to excuse a failure to exhaust. *See Ross*, 578 U.S. at 644 (explaining that, to excuse a lack of exhaustion, a plaintiff must show that the administrative system was "essentially unknowable—so that no ordinary prisoner can make sense of what it demands") (internal citations and quotation marks omitted).

If a court concludes that a prisoner failed to exhaust his available administrative remedies before filing a civil rights action, the proper remedy is dismissal without prejudice. *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005). Before recommending dismissal, however, I will give plaintiff leave to amend his complaint. If he files an amended complaint, he should confirm whether he has exhausted his administrative remedies. If he has not, he should allege why, if at all, this action should proceed.

If plaintiff stands by his complaint, I will recommend that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint has been filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

**Conclusion**

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

4

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: __April 25, 2022__     _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5